IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PAULA DAVIS,                        )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )     Case No. 06-0340-CV-W-HFS
                                    )
PIZZA HUT OF AMERICA, INC.,         )
                                    )
    Defendant.                      )

**ORDER**


Before the court is plaintiff's motion to remand this action to state court. Plaintiff seeks remand on the ground that the jurisdictional amount in controversy does not exceed $75,000[1]. Defendant argues that plaintiff's settlement demand for $78,000, negates her claim of lack of jurisdiction.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied, including the requisite federal jurisdictional amount in controversy. Hill v. Ford Motor Company, 324 F.Supp.2d 1028, 1035 (E.D.Mo. 2004); see also, Gramac v. Millar Elevator Co./Schindler Enterprises, 3 F.Supp.2d 1082, 1083 (E.D.Mo. 1998) (while a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim). Thus, any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Gramac, 3 F.Supp.2d at 1083.

---

[1]Plaintiff also states that there is no federal question jurisdiction, and she does not concede that there is complete diversity.

The amount in controversy requirement of diversity jurisdiction is strictly construed, as its underlying purpose is to limit the federal courts' diversity caseload. Gramc, at 1084. Furthermore, because the removal statutes encroach upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). To meet its burden with regard to the jurisdictional amount, the removing party "must show that it appears to a 'legal certainty' that the amount in controversy" exceeds $75,000.00. Gramc, at 1084.

Plaintiff asserted that her damages exceeded $50,000, which is not a disclaimer of a target for recovery of considerably more than the jurisdictional amount. A plaintiff seeking to avoid removal can easily do so by stipulating to limit damages below $75,000. Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 946 (D. Minn. 1999). It would not, however, be equally effective to make a settlement offer under that sum. Such an offer cannot be construed as a ceiling. Vermande v. Hyundai Motor America, Inc., 352 F.Supp.2d 195, 203 (D. Conn. 2004). But here, plaintiff's settlement offer at the time of removal was for $78,000. I agree with defendant that plaintiff has disabled herself from now saying "I didn't really mean it" or "I was prepared to negotiate".[2] On the record presented (regardless of skepticism about likely recoveries) the amount in controversy at the time of removal exceeded $75,000.

---

[2]I seem to be in disagreement with Judge Shaw, who expressed the view that a defendant's "reliance on plaintiff's $250,000 demand does not establish the existence of the requisite amount in controversy"–but that remark was said in the context of another demand letter seeking $74,999. Reid v. USF Holland, Inc., 2006 WL 18759 (E.D. Mo.)

Accordingly, it is hereby

ORDERED that plaintiff's motion to remand (ECF doc. 2) is DENIED.

                                            /s/ Howard F. Sachs
                                            HOWARD F. SACHS
                                            UNITED STATES DISTRICT JUDGE

July 5, 2006

Kansas City, Missouri